Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 2323 | Date | January 4, 2001 |
| Case Title | FIDELITY & GUARANTY, et al V. A-MIDWEST BOARD-UP, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐held ☐continued to ☐set for ☐re-set for _____ at _____
(6) ☐ Pretrial conf. ☐held ☐continued to ☐set for ☐re-set for _____ at _____
(7) ☐ Trial ☐Set for ☐re-set for _____ at _____
(8) ☐ ☐Bench Trial ☐Jury Trial ☐Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐without ☐with prejudice and without costs ☐by agreement ☐pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) [X] [Other docket entry] Motion to dismiss is granted/denied in part. Count III is dismissed in its entirety.
(11) [X] [For further detail see] ☐ order on the reverse of [X] order attached to the original minute order form.

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JAN - 8 2001 | date docketed |
| | Notified counsel by telephone. | | | |
| XX | Docketing to mail notices. | 01 JAN -7 PM 3:24 | | docketing dpty. initials |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate Judge. | | | date mailed notice |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | | mailing dpty. initials |

Document # 13

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FIDELITY AND GUARANTY
INSURANCE COMPANY as Subrogee of
FOXBORO NORTH ASSOCIATES, LTD.,
and ILLINOIS LIMITED PARTNERSHIP,

Plaintiff,

v.

A-MIDWEST BOARD-UP, INC.,

Defendant.

No. 00 C 2323
Judge James B. Zagel

**DOCKETED**
JAN - 8 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Fidelity and Guaranty Insurance Co. ("Fidelity"), sued A-Midwest Board-Up, Inc. ("A-Midwest"), a company retained by plaintiff's insured, Foxboro North Associates ("Foxboro"), to board up the roof on one of Foxboro's apartment buildings. Plaintiff claims that due to defendant's poor workmanship, a rainstorm caused the interior ceilings of Foxboro's building to collapse, damaging tenants' property, and requiring plaintiff to pay out over $1 million to Foxboro and its tenants. Plaintiff sues defendant for negligence and breach of express and implied warranty. It also seeks to recover under a theory of implied indemnity. Defendant has moved to dismiss all counts.

Defendant begins by asking me to dismiss plaintiff's negligence claim on the basis of the *Moorman* doctrine, which dictates that the remedy for economic losses resulting from inferior performance of a product or service lies in contract, not in tort. Under *Moorman*, economic losses are defined as "damages for inadequate value, costs of repair and replacement of the

1

defective product, or consequent loss of profits- without any claim of personal injury or damage to other property . . . as well as "the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Moorman Manufacturing Co. v. National Tank Co.*, 435 N.E.2d 443, 449 (Ill. 1983).

Plaintiff urges me to find that tort theory is nonetheless appropriately suited to the incident at issue in this case because the damage to plaintiff's insured's building resulted from a sudden and calamitous occurrence, viz. the collapse of a roof in a rainstorm. I agree that plaintiff falls within the calamitous occurrence exception to the *Moorman* doctrine. Illinois courts have held that the collapse of a roof due to the combination of negligent construction and rain damage constitutes the type of sudden occurrence which the *Moorman* court considered was best dealt with under tort law. See *Electronics Group, Inc. v. Central Roofing Co., Inc.* 518 N.E.2d 369, 371 (Ill. App. Ct. 1987)(holding, in a case in which negligent roofing caused water damage to plaintiff's equipment, that a "sudden water leak is the kind of occurrence for which the tort law can provide compensation"); *United Airlines, Inc. v. CEI Indus. of Ill., Inc.*, 499 N.E.2d 558 (Ill. App. Ct. 1986)(same). Moreover, plaintiff's complaint specifically states that it seeks to recover the costs of repair and replacement not of the roof, but of "furniture, furnishings, and contents"–that is, "other property" apart from the allegedly defective product.[1]

Count I states a claim for negligence.

---

[1] While I find that plaintiff has stated a claim for negligence, I would like to add one observation with respect to Count I. Plaintiff seeks $1 million in damages, but its complaint states that tenants' property damage accounts for only $100,000. This leads me to believe that plaintiff seeks recovery for the cost of repairing the temporary roof structure. In cases with similar facts, Illinois courts have held that plaintiffs cannot seek damages for the cost of repairing a roof constructed by defendant which collapsed due to defendants' negligence. See *Electronics Group*, 518 N.E.2d at 371; *Redarowicz v. Ohlendorf*, 441 N.E.2d 324, 326 (Ill. 1982). Here, defendant did not itself construct the roof; it undertook to construct a temporary structure. Plaintiff's disappointment with the quality of defendant's workmanship on the temporary roof structure is a matter for contract law.

In Count II, plaintiff charges defendant with breaching express and implied warranties that its work of temporarily securing the roof and its labor would be free of defects and of workmanship quality. The claim for breach of express warranty cannot stand. Plaintiff does not allege that there was a written contract between defendant and its insured. Neither does plaintiff allege that any oral contract between the parties included an express provision through which defendant agreed to supply reasonable workmanship.

The claim for breach of implied warranty fares better. One who contracts to perform construction impliedly warrants to do the work in a reasonably workmanlike manner. See *Board of Directors of Bloomfield Club Recreation Assoc. v. Hoffman Group, Inc.*, 712 N.E.2d 330, 336 (Ill. 1999). Failure to do so is a breach of contract. See *Zielinski v. Miller*, 660 N.E.2d 1289, 1293 (Ill. App. Ct. 1996). Plaintiff's complaint states that defendant's performance was not reasonably workmanlike and explains why. It states a claim for breach of implied warranty.

Count III seeks to recover the $100,000 that plaintiff paid out to its insured to reimburse tenants for damage to their property. In its brief, plaintiff refers to this count as comprising two separate claims for "implied tort indemnity" and "implied contractual indemnity."

With respect to the claim for implied indemnity, I refer plaintiffs to *Rock Island Bank v. Aetna Casualty and Surety Co.*, 692 F.2d 1100, 1106 (7th Cir. 1982):

> "'There is not a single reported case in American jurisprudence ... discovered by this court which holds that upon an insurance carrier's payment to its insured, the insurer becomes vested with a claim arising out of an implied contract of indemnity with the tortfeasor who caused the damage necessitating payment by the carrier to the insured.'" *Rock Island Bank*, 692 F.2d at 1106 (7th Cir. 1982) (quoting *Great American Insurance Co. v. United States*, 575 F.2d 1031, 1033 (2d Cir. 1978).

As in *Rock Island*, here, plaintiff has "confused the principle of indemnity which underlies

3

subrogation with an implied action for indemnification–which is completely distinguishable." *Id.* The insurer's right to indemnity from a wrongdoer is fixed solely by its subrogation rights. See also *Jones v. General Casualty Co. of Wisconsin*, 582 N.W.2d 110, 111 (Wisc. Ct. App. 1998); *Russell v. Evans*, 920 S.W.2d 161, 163-64 (Mo. Ct. App.1996) (underinsurer cannot recover against wrongdoer under implied indemnity theory); *Hanover Ins. Co. v. Finnerty*, 639 N.Y.S.2d 433, 434 (N.Y. App. Div. 1996) (underinsurer's "remedy is subrogation, not indemnification"). Accordingly, Count III must be dismissed.

To conclude, defendant's motion to dismiss is granted in part and denied in part. Count II is dismissed in part. (The claim for breach of implied warranty remains). Count III is dismissed in its entirety.

ENTER:

James B. Zagel
United States District Judge

DATE: 01/04/01